

Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**Matthew J. Aaronson**
D 212.704.6006
matthew.aaronson@troutman.com

April 2, 2025

**By Email and ECF**
The Honorable John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re:     *Doe v. Anthem Healthchoice Assurance, Inc.*; No. 1:24-cv-08012

Dear Judge Cronan:

Pursuant to Rules 1.A. and 6.A. of Your Honor's Individual Rules and Practices in Civil Cases, Defendant Anthem HealthChoice Assurance, Inc. ("Anthem") submits this letter motion to stay discovery pending disposition of Anthem's motion to dismiss, filed March 28, 2025 (ECF No. 24). Plaintiffs consent to this request. The Parties agree that a stay of discovery pending the Court's decision on the motion to dismiss will preserve both the Parties' and the Court's resources and that neither side will be prejudiced by the stay.

Plaintiffs filed the instant Complaint on October 22, 2024. Anthem agreed to waive service on November 6, 2024, and the Parties stipulated to extend Anthem's responsive pleading deadline to February 14, 2025 to allow the Parties to meet and confer regarding, among other things, the appropriate parties to this putative class action and Anthem's grounds for seeking dismissal of the Complaint. On February 14, 2025, Anthem filed a pre-motion letter regarding its anticipated motion to dismiss, and the Court on February 21, 2025 entered an order establishing the briefing schedule for Anthem's motion. Anthem filed its motion to dismiss on March 28, 2025.

That same day, the Court entered an order observing that the Parties had not moved the Court for a stay of discovery pending disposition of Anthem's motion to dismiss, and ordering the parties to file a proposed Civil Management Plan and Scheduling Order by April 4, 2025 (ECF No. 22) (the "Discovery Order"). The Parties now request a stay of discovery and vacatur of the Discovery Order pending disposition of Anthem's motion to dismiss.

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court has discretion to stay discovery "for good cause shown." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id*. Here, the proposed stay will be short, as Anthem has already filed its motion to dismiss, and the stay will last only until the motion is determined by the Court. And the Parties agree they will not be prejudiced by the stay, as each has consented to the entry of a stay of discovery. Even if the Court ultimately denies Anthem's motion to dismiss, "a temporary and finite delay in attaining discovery" does not constitute prejudice that would weigh against granting

BY EMAIL AND ECF

April 2, 2025
Page 2

a stay. *In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003).

The Parties therefore respectfully request that the Court stay discovery pending the disposition of Anthem's motion to dismiss.

Respectfully submitted,

| **TROUTMAN PEPPER LOCKE LLP** | **WALDEN MACHT HARAN & WILLIAMS LLP** |
|---|---|
| By: [signature]<br>Matthew J. Aaronson<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 704-6000<br>matthew.aaronson@troutman.com | By: */s/ Jacob Gardener*<br>Jacob Gardener<br>Samuel Rosh<br>250 Vesey Street, 27th Floor<br>New York, NY 10281<br>Tel: (212) 335-2965<br>jgardener@wmhwlaw.com<br>srosh@wmhwlaw.com |
| Adam Feinberg, Esq. (*admitted pro hac vice*)<br>**MILLER & CHEVALIER CHARTERED**<br>900 16th Street NW<br>Black Lives Matter Plaza<br>Washington, DC 20006<br>Telephone: (202) 626-6087<br>afeinberg@milchev.com | Steve Cohen<br>Anna Menkova<br>**POLLOCK COHEN LLP**<br>111 Broadway, Suite 1804<br>New York, NY 10006<br>Tel: (646) 517-0542<br>scohen@pollockcohen.com<br>anna@pollockcohen.com |
| *Attorneys for Defendant*<br>*Anthem HealthChoice Assurance, Inc.* | *Attorneys for Plaintiffs* |

cc: All counsel of record (via ECF)

"A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, No. 24 Civ. 2168 (JAM), 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024) (internal quotation marks omitted). Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted). "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," and in evaluating whether to stay discovery pending the disposition of a motion to dismiss, "courts typically consider: (1) whether the [d]efendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (internal quotation marks omitted).

After weighing these factors, the Court concludes that good cause exists to stay discovery in this case. Without purporting to pass on the merits of the pending motion to dismiss, Defendant has challenged liability on, *inter alia*, preemption and exhaustion grounds. *See* Dkt. 25. Disposition of the issue of whether Plaintiff has successfully stated a claim in the first instance would avoid any prejudice from subjecting Defendant to broad discovery in the interim. As Plaintiff has joined the motion to stay discovery, the Court sees no resulting prejudice to Plaintiff.

Accordingly, discovery in this matter is stayed pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendant's motion to dismiss. The parties' April 4, 2025 deadline to submit a case management plan is adjourned *sine die*. The Clerk of Court is respectfully directed to close Docket Number 27.

SO ORDERED.
Date: April 3, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge